UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM JACKSON,<br><br>          Plaintiff<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, and CREDIT ACCEPTANCE CORPORATION,<br><br>          Defendants | Case No.: 2:20-cv-2001-APG-VCF<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>[ECF No. 12] |

Plaintiff William Jackson moves for default judgment against defendant Credit Acceptance Corporation (CAC). ECF No. 12. Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is entered, a party may seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (CD. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno*

*v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).  Whether to grant a default judgment lies within the district court's discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

The clerk has entered default against CAC. ECF No. 11.  Thus, there is no procedural impediment to entering a default judgment.

The first *Eitel* factor considers whether Jackson will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (CD. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 214-CV-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016).  CAC has failed to defend the lawsuit.  If default judgment is not entered, Jackson will be unable to pursue its claims against CAC.  This factor weighs in favor of entry of default judgment.

The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8.  Jackson's complaint sufficiently pleads that CAC is inaccurately reporting its tradeline with an erroneous scheduled monthly payment amount on Jackson's Equifax credit disclosure. ECF No. 1.  Jackson alleges he disputed that report, CAC failed to review all relevant information and correct the error, and he is suffering damages as a result.  Thus, the second and third *Eitel* factors weigh in favor of entry of default judgment.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo., Inc.*, 238 F. Supp. 2d at 1176.

The request for damages in Jackson's motion is confusing. First, he "seeks actual damages and reasonable attorney's fees as determined by the court for CAC's negligent noncompliance with the FCRA. 15 U.S.C. § 1681o[.] Additionally, [he] seeks actual damages of not less than $100 and not more than $1,000 and punitive damages as the court may allow . . . ." ECF No. 12 at 10. In the conclusion of his motion, however, he requests $5,000 in actual damages, $5,000 in punitive damages, plus costs and attorneys' fees. *Id.* at 11. Jackson offers almost no evidence to support his damages request. His affidavit simply says he has "suffered from stress, anxiety, worry, frustration, and anger as a result of [CAC's] refusal to remove the scheduled monthly payment from their tradeline." ECF No. 12 at 15. That is insufficient to support a $5,000 actual damage award. And Jackson offers nothing to show CAC acted willfully to justify punitive damages. To the contrary, his motion refers to "CAC's negligent noncompliance with the FCRA." *Id*. at 10. Based on the evidence presented, the appropriate award to Jackson is $1,000 in actual damages and no punitive damages. And Jackson offers no evidence to support his request for attorneys' fees and costs, so I deny that request without prejudice.

The fifth *Eitel* factor weighs the possibility of a dispute regarding material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in

the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). CAC has not appeared or rebutted any of Jackson's allegations. Thus, the fifth *Eitel* factor weighs in favor of entry of default judgment.

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. There is no evidence before me that CAC's failure to respond is due to excusable neglect. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action). Thus, the sixth *Eitel* factor weighs in favor of entry of default judgment.

Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But CAC's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering a default judgment. A decision on the merits is desirable, but under these circumstances, default judgment is warranted.

I THEREFORE ORDER that the plaintiff's motion for default judgment against defendant Credit Acceptance Corporation **(ECF No. 12) is GRANTED**. The clerk of court shall enter judgment in favor of plaintiff William Jackson and against defendant Credit Acceptance Corporation in the amount of $1,000.00.

/ / / /

/ / / /

/ / / /

I FURTHER ORDER that Jackson may file a motion for attorneys' fees by April 16, 2019. That motion must comply with the applicable Local Rules.

DATED this 24th day of March, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE